IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARU SPC LTD., | No. C-12-5754 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, TO STRIKE AFFIRMATIVE DEFENSES; AFFORDING DEFENDANTS LEAVE TO AMEND AFFIRMATIVE DEFENSES** |
| v. | |
| MEYER TRUCKING, INC., et al., | |
| Defendants. | |

Before the Court is plaintiff ARU SPC, Ltd.'s ("ARU") "Motion for Judgment on the Pleadings or, in the Alternative, Motion to Strike Affirmative Defenses," filed December 28, 2012. Defendants Meyer Trucking, Inc., Robert L. Meyer and Patricia J. Meyer have not filed opposition. Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

### BACKGROUND

The following facts, alleged in ARU's complaint, are undisputed, in light of defendants' answer having admitted said facts.

Meyer Trucking, Inc. ("Meyer Trucking") and ARU executed a "Promissory Note dated August 13, 2012," under which Meyer Trucking agreed to pay ARU the sum of

---

[1] By order filed February 15, 2013, the Court took the matter under submission.

$330,145 over a period of ten months and under which ARU had the right to "accelerate the unpaid balance" upon the occurrence of an "Event of Default" as defined in the Promissory Note.  (See Compl. ¶¶ 18-19, Ex. B; Answer ¶¶ 18, 19.)  On July 27, 2012, Robert Meyer and Patricia Meyer (hereinafter, "the Meyers") executed a "Guarantee and Indemnity" agreement and, on August 13, 2012, an Amendment thereto, in which the Meyers agreed to guarantee Meyer Trucking's performance under the Promissory Note.  (See Compl. ¶¶ 14-15, 20, 34, Exs.  A, C; Answer ¶¶ 14-15, 20, 34.)

Under the terms of the Promissory Note, Meyer Trucking's first payment was due on or before October 15, 2012; Meyer Trucking failed to make said payment.  (See Compl. ¶¶ 21, 22; Answer ¶¶ 21-22.)  On October 16, 2012, ARU provided Meyer Trucking with written notice of the delinquency, advising Meyer Trucking that if the overdue payment was not received within ten days, the "entire unpaid balance of the note [would] be declared immediately due."  (See Compl. ¶ 23, Ex. D; Answer ¶ 23.)  Meyer Trucking "failed to make the required payment as of October 26, 2012," which failure, under the terms of the Promissory Note, constituted an "event of default."  (See Compl. ¶ 24; Answer ¶ 24.)  On October 29, 2012, ARU "advised [the Meyers] that Meyer Trucking was in default on the Promissory Note, demanded immediate payment of the unpaid balance and advised if they did not pay the full amount due[,] they would be liable for all amounts owed thereunder."  (See Compl. ¶ 37; Answer ¶ 37.)  The Meyers "failed to make any payments to ARU."  (See Compl. ¶ 39; Answer ¶ 39.)

Based on the above factual allegations, which, as noted, have been admitted by defendants, ARU alleges two causes of action, specifically, "Breach of Contract" against Meyer Trucking and "Breach of Guarantee" against the Meyers.

**DISCUSSION**

In its motion, ARU argues that defendants, in light of the admissions in their answer, have conceded Meyer Trucking is in breach of its obligations under the Promissory Note and that the Meyers are in breach of their obligations under the Guarantee.  ARU further argues that, although defendants have pleaded seven affirmative defenses in their answer,

1 the affirmative defenses should be stricken for the reason that defendants have failed to
2 provide fair notice of the basis for any of the defenses.

3 Rule 12(c) of the Federal Rules of Civil Procedure provides as follows: "After the
4 pleadings are closed – but early enough not to delay trial – a party may move for judgment
5 on the pleadings." See Fed. R. Civ. P. 12(c). "Judgment on the pleadings under Rule
6 12(c) is proper when the moving party establishes on the face of the pleadings that there is
7 no material issue of fact and that the moving party is entitled to judgment as a matter of
8 law." Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644
9 F.3d 934, 937 n. 1 (9th Cir. 2011).

10 Here, in light of defendants' having admitted Meyer Trucking executed the
11 Promissory Note and did not perform thereunder, and having admitted the Meyers
12 executed the Guarantee and did not perform thereunder, the Court finds that, in the
13 absence of an affirmative defense, no material issue of fact exists as to whether:
14 (1) Meyer Trucking is in breach of its obligation under the Promissory Note to pay to ARU
15 the principal sum of $330,145, and (2) the Meyers are in breach of their obligation under
16 the Guarantee to pay to ARU said principle sum given Meyer Trucking's failure to perform.
17 Further, in light of Meyer Trucking's default on its contractual obligations, and the provision
18 in the Promissory Note stating that, in the event of a default, "any unpaid principal shall
19 accrue interest at the rate of five percent (5%) until paid" (see Compl. Ex. B § 6), the Court
20 finds that, in the absence of an affirmative defense, no material issue of fact exists as to
21 whether Meyer Trucking is liable for interest on the principal at a daily rate of $45.23, as are
22 the Meyers in their capacity as guarantors of Meyer Trucking's performance.

23 The Court next turns to the issue of whether defendants have sufficiently pleaded
24 one or more affirmative defenses. The answer contains seven affirmative defenses, each
25 of which, ARU argues, should be stricken pursuant to Rule 12(f) of the Federal Rules of
26 Civil Procedure. See Fed. R. Civ. P. 12(f) (providing "court may strike from a pleading an
27 insufficient defense"). As set forth below, the Court agrees.

28 The first affirmative defense, alleging the complaint "fails to state facts sufficient to

1  constitute a cause of action" (see Answer at 5:2-5), will be stricken, because "[f]ailure to
2  state a claim is not a proper affirmative defense." See Barnes v. AT&T Pension Benefit
3  Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

4  The second affirmative defense, alleging "comparative negligence" (see Answer at
5  5:7), will be stricken, for the reason that defendants fail to allege any facts in support of
6  said defense, and, consequently, fail to give "fair notice" of the basis therefor. See Barnes,
7  718 F. Supp. 2d at 1170 (holding "defense is insufficiently pled if it fails to give the plaintiff
8  fair notice of the nature of the defense").[2]

9  The third affirmative defense, alleging the "Fair Responsibility Act of 1986
10 (commonly known as Proposition 51 . . .)" applies to the extent ARU's damages "were
11 proximately caused or contributed to by the carelessness, negligence or fault of persons or
12 entities other than . . . [d]efendant[s]" (see Answer at 5:11-16), will be stricken, for the
13 reason that defendants fail to allege any facts in support of said defense. See Barnes, 718
14 F. Supp. 2d at 1170.[3]

15 The fourth affirmative defense, alleging ARU's claims are barred by the "statute of
16 limitations" (see Answer at 5:19), will be stricken. The shortest limitations period for any of
17 the ten statutes referenced by defendants is one year. See Cal. Civ. Proc. Code § 340. As
18 noted above, defendants concede Meyer Trucking and the Meyers failed to comply with
19 their respective contractual obligations to ARU in October 2012, and the instant complaint
20 was filed on November 8, 2012. Consequently, even assuming a one-year statute of
21 limitations applies, a defense based on said statute of limitations is, as a matter of law,
22 inapplicable.

---

[2] Indeed, it is unclear how a defense of comparative negligence would ever apply to ARU's contractual claims. See Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 402-03 (2000) (holding "contractual breaches are generally excluded from comparative fault allocations; favorably citing comment in treatise that "comparative fault [is] inapplicable to actions that are fully contractual in their gravamen") (internal quotation and citation omitted).

[3] It is unclear how the Fair Responsibility Act would ever apply to ARU's contractual claims, given the Act only applies to an "action for personal injury, property damage, or wrongful death." See Cal. Civ. Code § 1431.2(a).

4

The fifth affirmative defense, alleging "laches" based on ARU's having "unreasonably failed to give . . . [d]efendant[s] timely notice of its claim" and "unreasonably delayed in prosecuting or attempting to resolve [the instant] claim" (see Answer at 5:23-26), will be stricken, for the reason that defendants fail to allege sufficient facts in support of said defense, and given the above-titled action was filed less than a month after defendants' failure to comply with their respective contractual obligations to ARU.

The sixth affirmative defense, alleging the complaint is "barred" by the "Doctrine of Unclean Hands" (see Answer at 6:1-4), will be stricken, for the reason that defendants fail to allege any facts in support of said defense. See Barnes, 718 F. Supp. 2d at 1170.

The seventh affirmative defense, alleging ARU has "waived any breach of contract or warranty" (see Answer at 6:5-7), will be stricken, for the reason that defendants fail to allege any facts in support of said defense. See Barnes, 718 F. Supp. 2d at 1170.

The Court next considers whether defendants should be afforded an opportunity to amend their affirmative defenses. As a general rule, leave to amend a pleading should be afforded unless amendment would be futile. See Steckman v. Hart Brewing, Inc., 143 F. 3d 1293, 1298 (9th Cir. 1998) (citing "general rule" that leave to amend following dismissal of pleading should be afforded unless "any amendment would be an exercise in futility"). Here, although amendment of some of the affirmative defenses, for example, the first affirmative defense, would appear to be futile, it is not clear that defendants are unable to cure the deficiencies identified.

Accordingly, the Court will afford defendants leave to amend their answer for the purpose of amending their affirmative defenses. If defendants do not amend their answer within the time specified below, the Court will enter judgment on behalf of ARU.

**CONCLUSION**

For the reasons stated above, ARU's motion is hereby GRANTED in part and ruling thereon is DEFERRED in part, as follows:

1. To the extent the motion seeks an order striking defendants' affirmative defenses, the motion is hereby GRANTED, and the affirmative defenses are hereby

5

STRICKEN with leave to amend. If defendants wish to file an amended answer for the purpose of amending their affirmative defenses to cure the deficiencies identified above, defendants shall file an amended answer no later than March 29, 2013.

    2. To the extent the motion seeks entry of judgment on behalf of ARU, the Court hereby DEFERS ruling until March 29, 2013.

    **IT IS SO ORDERED.**

Dated: March 12, 2013

                                         MAXINE M. CHESNEY
                                         United States District Judge