United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ARU SPC LTD.,                                No. C-12-5754 MMC

12             Plaintiff,                         **ORDER GRANTING IN PART AND
                                                  DEFERRING RULING IN PART ON**
13      v.                                        **PLAINTIFF'S MOTION FOR JUDGMENT
                                                  ON THE PLEADINGS OR,**
14   MEYER TRUCKING, INC., et al.,                **ALTERNATIVELY, TO STRIKE
                                                  AFFIRMATIVE DEFENSES;**
15             Defendants.                        **AFFORDING DEFENDANTS LEAVE TO
                                                  AMEND AFFIRMATIVE DEFENSES**
16   _____/

17

18        Before the Court is plaintiff ARU SPC, Ltd.'s ("ARU") "Motion for Judgment on the

19   Pleadings or, in the Alternative, Motion to Strike Affirmative Defenses," filed December 28,

20   2012.  Defendants Meyer Trucking, Inc., Robert L. Meyer and Patricia J. Meyer have not

21   filed opposition.  Having read and considered the papers filed in support of the motion, the

22   Court rules as follows.[1]

23                                   **BACKGROUND**

24        The following facts, alleged in ARU's complaint, are undisputed, in light of

25   defendants' answer having admitted said facts.

26        Meyer Trucking, Inc. ("Meyer Trucking") and ARU executed a "Promissory Note

27   dated August 13, 2012," under which Meyer Trucking agreed to pay ARU the sum of

28   _____

          [1]By order filed February 15, 2013, the Court took the matter under submission.

$330,145 over a period of ten months and under which ARU had the right to "accelerate the unpaid balance" upon the occurrence of an "Event of Default" as defined in the Promissory Note.  (See Compl. ¶¶ 18-19, Ex. B; Answer ¶¶ 18, 19.)  On July 27, 2012, Robert Meyer and Patricia Meyer (hereinafter, "the Meyers") executed a "Guarantee and Indemnity" agreement and, on August 13, 2012, an Amendment thereto, in which the Meyers agreed to guarantee Meyer Trucking's performance under the Promissory Note. (See Compl. ¶¶ 14-15, 20, 34, Exs. A, C; Answer ¶¶ 14-15, 20, 34.)

Under the terms of the Promissory Note, Meyer Trucking's first payment was due on or before October 15, 2012; Meyer Trucking failed to make said payment.  (See Compl. ¶¶ 21, 22; Answer ¶¶ 21-22.)  On October 16, 2012, ARU provided Meyer Trucking with written notice of the delinquency, advising Meyer Trucking that if the overdue payment was not received within ten days, the "entire unpaid balance of the note [would] be declared immediately due."  (See Compl. ¶ 23, Ex. D; Answer ¶ 23.)  Meyer Trucking "failed to make the required payment as of October 26, 2012," which failure, under the terms of the Promissory Note, constituted an "event of default."  (See Compl. ¶ 24; Answer ¶ 24.)  On October 29, 2012, ARU "advised [the Meyers] that Meyer Trucking was in default on the Promissory Note, demanded immediate payment of the unpaid balance and advised if they did not pay the full amount due[,] they would be liable for all amounts owed thereunder." (See Compl. ¶ 37; Answer ¶ 37.)  The Meyers "failed to make any payments to ARU."  (See Compl. ¶ 39; Answer ¶ 39.)

Based on the above factual allegations, which, as noted, have been admitted by defendants, ARU alleges two causes of action, specifically, "Breach of Contract" against Meyer Trucking and "Breach of Guarantee" against the Meyers.

**DISCUSSION**

In its motion, ARU argues that defendants, in light of the admissions in their answer, have conceded Meyer Trucking is in breach of its obligations under the Promissory Note and that the Meyers are in breach of their obligations under the Guarantee.  ARU further argues that, although defendants have pleaded seven affirmative defenses in their answer,

2

1   the affirmative defenses should be stricken for the reason that defendants have failed to

2   provide fair notice of the basis for any of the defenses.

3       Rule 12(c) of the Federal Rules of Civil Procedure provides as follows: "After the

4   pleadings are closed – but early enough not to delay trial –  a party may move for judgment

5   on the pleadings." See Fed. R. Civ. P. 12(c).  "Judgment on the pleadings under Rule

6   12(c) is proper when the moving party establishes on the face of the pleadings that there is

7   no material issue of fact and that the moving party is entitled to judgment as a matter of

8   law." Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644

9   F.3d 934, 937 n. 1 (9th Cir. 2011).

10      Here, in light of defendants' having admitted Meyer Trucking executed the

11  Promissory Note and did not perform thereunder, and having admitted the Meyers

12  executed the Guarantee and did not perform thereunder, the Court finds that, in the

13  absence of an affirmative defense, no material issue of fact exists as to whether:

14  (1) Meyer Trucking is in breach of its obligation under the Promissory Note to pay to ARU

15  the principal sum of $330,145, and (2) the Meyers are in breach of their obligation under

16  the Guarantee to pay to ARU said principle sum given Meyer Trucking's failure to perform.

17  Further, in light of Meyer Trucking's default on its contractual obligations, and the provision

18  in the Promissory Note stating that, in the event of a default, "any unpaid principal shall

19  accrue interest at the rate of five percent (5%) until paid" (see Compl. Ex. B § 6), the Court

20  finds that, in the absence of an affirmative defense, no material issue of fact exists as to

21  whether Meyer Trucking is liable for interest on the principal at a daily rate of $45.23, as are

22  the Meyers in their capacity as guarantors of Meyer Trucking's performance.

23      The Court next turns to the issue of whether defendants have sufficiently pleaded

24  one or more affirmative defenses.  The answer contains seven affirmative defenses, each

25  of which, ARU argues, should be stricken pursuant to Rule 12(f) of the Federal Rules of

26  Civil Procedure.  See Fed. R. Civ. P. 12(f) (providing "court may strike from a pleading an

27  insufficient defense").  As set forth below, the Court agrees.

28      The first affirmative defense, alleging the complaint "fails to state facts sufficient to

3

1    constitute a cause of action" (see Answer at 5:2-5), will be stricken, because "[f]ailure to

2    state a claim is not a proper affirmative defense."  See Barnes v. AT&T Pension Benefit

3    Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

4        The second affirmative defense, alleging "comparative negligence" (see Answer at

5    5:7), will be stricken, for the reason that defendants fail to allege any facts in support of

6    said defense, and, consequently, fail to give "fair notice" of the basis therefor.  See Barnes,

7    718 F. Supp. 2d at 1170 (holding "defense is insufficiently pled if it fails to give the plaintiff

8    fair notice of the nature of the defense").[2]

9        The third affirmative defense, alleging the "Fair Responsibility Act of 1986

10   (commonly known as Proposition 51 . . .)" applies to the extent ARU's damages "were

11   proximately caused or contributed to by the carelessness, negligence or fault of persons or

12   entities other than . . . [d]efendant[s]" (see Answer at 5:11-16), will be stricken, for the

13   reason that defendants fail to allege any facts in support of said defense.  See Barnes, 718

14   F. Supp. 2d at 1170.[3]

15       The fourth affirmative defense, alleging ARU's claims are barred by the "statute of

16   limitations" (see Answer at 5:19), will be stricken.  The shortest limitations period for any of

17   the ten statutes referenced by defendants is one year.  See Cal. Civ. Proc. Code § 340.  As

18   noted above, defendants concede Meyer Trucking and the Meyers failed to comply with

19   their respective contractual obligations to ARU in October 2012, and the instant complaint

20   was filed on November 8, 2012.  Consequently, even assuming a one-year statute of

21   limitations applies, a defense based on said statute of limitations is, as a matter of law,

22   inapplicable.

23   _____

24       [2]Indeed, it is unclear how a defense of comparative negligence would ever apply to
     ARU's contractual claims.  See Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.
25   4th 390, 402-03 (2000) (holding "contractual breaches are generally excluded from
     comparative fault allocations; favorably citing comment in treatise that "comparative fault
26   [is] inapplicable to actions that are fully contractual in their gravamen") (internal quotation
     and citation omitted).

27       [3]It is unclear how the Fair Responsibility Act would ever apply to ARU's contractual
28   claims, given the Act only applies to an "action for personal injury, property damage, or
     wrongful death."  See Cal. Civ. Code § 1431.2(a).

4

1    The fifth affirmative defense, alleging "laches" based on ARU's having

2  "unreasonably failed to give . . . [d]efendant[s] timely notice of its claim" and "unreasonably

3  delayed in prosecuting or attempting to resolve [the instant] claim" (<u>see</u> Answer at 5:23-26),

4  will be stricken, for the reason that defendants fail to allege sufficient facts in support of

5  said defense, and given the above-titled action was filed less than a month after

6  defendants' failure to comply with their respective contractual obligations to ARU.

7    The sixth affirmative defense, alleging the complaint is "barred" by the "Doctrine of

8  Unclean Hands" (<u>see</u> Answer at 6:1-4), will be stricken, for the reason that defendants fail

9  to allege any facts in support of said defense.  <u>See</u> <u>Barnes</u>, 718 F. Supp. 2d at 1170.

10    The seventh affirmative defense, alleging ARU has "waived any breach of contract

11  or warranty" (<u>see</u> Answer at 6:5-7), will be stricken, for the reason that defendants fail to

12  allege any facts in support of said defense.  <u>See</u> <u>Barnes</u>, 718 F. Supp. 2d at 1170.

13    The Court next considers whether defendants should be afforded an opportunity to

14  amend their affirmative defenses.  As a general rule, leave to amend a pleading should be

15  afforded unless amendment would be futile.  <u>See</u> <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.

16  3d 1293, 1298 (9th Cir. 1998) (citing "general rule" that leave to amend following dismissal

17  of pleading should be afforded unless "any amendment would be an exercise in futility").

18  Here, although amendment of some of the affirmative defenses, for example, the first

19  affirmative defense, would appear to be futile, it is not clear that defendants are unable to

20  cure the deficiencies identified.

21    Accordingly, the Court will afford defendants leave to amend their answer for the

22  purpose of amending their affirmative defenses.  If defendants do not amend their answer

23  within the time specified below, the Court will enter judgment on behalf of ARU.

24                        **CONCLUSION**

25    For the reasons stated above, ARU's motion is hereby GRANTED in part and ruling

26  thereon is DEFERRED in part, as follows:

27    1.  To the extent the motion seeks an order striking defendants' affirmative

28  defenses, the motion is hereby GRANTED, and the affirmative defenses are hereby

                                    5

STRICKEN with leave to amend.  If defendants wish to file an amended answer for the purpose of amending their affirmative defenses to cure the deficiencies identified above, defendants shall file an amended answer no later than March 29, 2013.

    2.  To the extent the motion seeks entry of judgment on behalf of ARU, the Court hereby DEFERS ruling until March 29, 2013.

**IT IS SO ORDERED.**

Dated:  March 12, 2013

_____
MAXINE M. CHESNEY
United States District Judge